THE PEOPLE OF THE STATE OF NEW YORK EX REL.
PHILIP GARBUTT, RESPONDENT, v. THE ROCHESTER &
STATE LINE RAILWAY COMPANY, MORTIMER F.
REYNOLDS AND OTHERS, APPELLANTS.

*Neglect of railroad to build fences — mandamus when issued — Contempt — fine —
costs of prosecution.*

Where a railroad company fails to construct fences and cattle-guards, as required by statute, a writ of *mandamus* may properly be issued, compelling it to construct and maintain the same.

Any citizen of the State may apply, as a relator, for a writ of *mandamus* for that purpose.

Where the company fails to comply with the requirements of such writ, the court has power, under title 13 of chapter 8 of part 3 of the Revised Statutes, to impose such fine or imprisonment, or both, as the nature of the case may require.

Where it appeared that the defendant had been guilty of a contempt in failing to comply with the requirements of the writ, but that the contempt was not willful, and that no pecuniary loss had been sustained ; *held,* that it was the duty of the court to impose a fine sufficient to cover the costs and expenses in the proceedings to punish for the contempt, but that it was error to include therein the costs in the *mandamus* proceedings themselves.

APPEAL from an order of the Special Term in Monroe county, adjudging the defendants in contempt for not obeying a writ of peremptory *mandamus* issued in this case, and imposing a fine for the amount of the expenses of the relator, viz.: $507.02, of which $98.35 were for the costs and expenses of the said writ, the residue being for the relator's costs and the disbursements of the proceeding to punish for the alleged contempt.

*G. F. Danforth*, for the appellants.

*Angus McDonald*, for the respondent.

372    PEOPLE ex rel. GARBUTT v. R. & S. L. R. CO.

FOURTH DEPARTMENT, JUNE TERM, 1878.

SMITH, J.:

The writ of *mandamus* in this case was issued in September, 1876, requiring the defendants to construct fences and cattle-guards on a portion of their roadway therein specified by the first day of January, 1877, and to make return to the writ on the last Monday in January, in what manner they had executed the mandate. No return having been made by the defendants, an order was made at Special Term, on 7th February, 1877, requiring them to show cause at a Special Term to be held on the twelfth of that month why they should not be adjudged guilty of contempt in not obeying the writ, and why they should not be punished for such contempt, by fine and imprisonment and why the relator should not have his costs of the proceedings.

On the return of that order, it was ordered that the defendants have one week from that day to file their return to the writ, as ordered to be made by them at the January Special Term; that the relator make his answer thereto before the Special Term on the 26th of February, and that the matter stand over to be heard at that time, on the papers theretofore used, and on such return and answer, without further notice. At that time, affidavits having been read, on the part of the respondents, in the nature of a partial return, an order was made, on the suggestion of the court, and apparently with the acquiescence of the relator, requiring the respondents to file an amended return, in five days, and giving the relator leave to file an answer to the same in five days thereafter, and giving either party leave, on such answer being made, to apply at a Special Term, on four days' notice, for a reference to take testimony on any issue formed by the amended return and answer.

In pursuance of that order, the respondents filed an amended return, to which the relator put in an answer, and subsequently applied, on notice at Special Term, in March, 1877, for an order of reference. An order was granted, accordingly appointing Lucius N. Bangs a referee to take evidence upon certain issues therein specified, and report the same to the court, with his opinion, and providing that, on the coming in of his report, either party might bring the matter of the alleged contempt to a hearing on motion.

The referee made a report, to which the relator took several exceptions, but he nevertheless gave notice to the respondents, that upon the report and other papers, he would bring the motion of the alleged contempt to a hearing, at the Special Term, on the last Monday of August, 1877. The hearing was had, and the order appealed from was then made. It adjudged the defendants guilty of the contempt alleged in not complying with the mandate of the writ. It adjudged, also, that the contempt was not willful, but it arose from unjustifiable negligence and delay on the part of the respondents, and that it was calculated to, and did, defeat, impair, impede and prejudice the rights and remedies of the relator in obtaining said writ and attempting to have it enforced; and the order imposed a fine upon the respondents of $507.02, for the costs and expenses of the relator, then adjudged, to wit: $98.35 for his costs and expenses of the said writ, and the remainder for his costs and disbursements of the proceeding to punish for the alleged contempt, including the fees of the referee, and $100 paid by the relator to his attorneys.

The order also appointed Joseph A. Stull and William Fellows referees to take evidence and report it to the court, with their opinion, upon the following questions: 1. Whether the defendants shall have fully complied with the mandate of said writ of *mandamus* at any time before the referees make their report. 2. If not, then that they report in what the defendants have not fully complied; how, and in what manner, and by what means, such full compliance can be best obtained, and what will be the cost and expense of doing so; and 3. What damages, if any, have been caused by the failure of the defendants to comply with said writ, since the application to punish for the contempt was made in February, 1877.

The appeal is to be disposed of upon the papers which were heard at Special Term. The relator not having appealed, cannot now complain that certain affidavits offered by him were excluded.

In support of the appeal, it is contended, on the part of the defendants that they are under no liability to this relator, which can be enforced by *mandamus*. The argument advanced is, that the duty imposed by statute upon railroad corporations, in regard

to fences (Laws 1850, chap. 140, § 44; Laws 1854, chap. 282, § 8), is a public duty, for a violation of which the corporation is subject to indictment, and the directors may be proceeded against by *mandamus* (2 R. S., p. 587, § 60), and that in the latter proceeding a fine may be imposed (no just excuse being shown) upon each member of the board, not exceeding $250, which, when collected, shall be paid into the treasury, and shall be a bar to any claim for any penalty incurred by such member, by reason of his refusal or neglect to perform his duty so enjoined. (2 R. S., p. 587, § 60.) Further, that as the statute which imposes the duty of fencing declares the consequence of an omission to be a liability for " all damages done by engines or agents of the corporation, to cattle, horses, and other animals " (Laws 1850, chap. 140, § 44), a private individual, who is injured by such omission, cannot resort to a *mandamus*, as that writ is never issued except for public purposes. We do not understand the defendants' counsel to insist that the writ of *mandamus* was improperly issued in this case at the suit of the relator; nor can that question be raised upon this appeal, as the appeal is not taken from the order allowing the writ. The argument assumes that the matter involved is one of public duty, and that the duty may be enforced by *mandamus*; and it is settled law, that, in a matter of public right, any citizen of the State may be a relator in an application for a *mandamus* (where that is the appropriate remedy), to enforce the execution of the common law, or of an act of the legislature, though it is otherwise in case of private or corporate rights. (*People ex rel. Case* v. *Collins*, 19 Wend., 56.) In the present case, no order has been made for the enforcement of a private right, except so far as the private right of the relator may be subserved by the performance of the duty which the corporation owes to the public. Nothing has been awarded to the relator by way of compensation for damages sustained by him, by reason of the neglect of the defendants to obey the *mandamus*. Nor is the fine imposed intended as a penalty for the public wrong, and therefore to be paid into the treasury. The fine in this case is a mere indemnity to the relator for his costs and expenses in the proceedings.

That the court has power to punish, as for a contempt, a violation of its order, made in proceedings by *mandamus*, cannot be

PEOPLE ex rel. GARBUTT v. R. & S. L. R. CO.    375

Fourth Department, June Term, 1878.

doubted. Those proceedings are embraced within title 13, chapter 8, part 3 of the Revised Statutes, entitled " of proceedings, as for contempt, to enforce civil remedies, and to protect the rights of parties to civil actions." Section one of that title provides that every court of record shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty, or any misconduct, by which the rights or remedies of a party in a cause or *matter depending* in such court, may be defeated, impaired, impeded, or prejudiced, in the following cases: " Sub. 3. Parties to writs, * * * and all other persons * * * for any disobedience to any lawful order, decree, or process of such court." This language is sufficiently comprehensive to include *mandamus*, whether it be regarded as a special proceeding or a civil action. Section twenty-five of the same title, provides that " if the court shall adjudge the defendant to have been guilty of the misconduct alleged, and that such misconduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of *any party*, in a cause or *matter* depending in such court, it shall proceed to impose a fine or imprisonment on him, or both, as the nature of the case shall require," etc. This section is applicable to the case of a relator in a proceeding by *mandamus*. In the present case, it was adjudged that the defendants were guilty of a contempt, but that the contempt was not willful, and that no pecuniary loss had been sustained. It was not a case, therefore, for a fine or pecuniary indemnity beyond the costs and expenses of the prosecution; but, to that extent, it was the duty of the court to impose a fine. (*People* v. *Spalding*, 2 Paige, 327; *Lansing* v. *Easton*, 7 id., 364.) But the fine should have been limited to the costs and expenses incurred by the relator in the proceeding to punish for contempt, exclusive of the costs in the *mandamus* proceedings. The latter costs, however, were properly awarded and adjusted in the order, as that was a part of the relief asked for by the order to show cause of the 7th of February, 1877. Their amount ($98.35) should be deducted from the amount of the fine, the effect of which will be to leave it to be collected by ordinary process instead of an attachment.

It is insisted by the counsel for the appellants that, as the order directs further issues and sends them to a referee, the proceeding

is not yet terminated, and the order allowing costs and imposing a fine is premature. That view of the case, we think, is not correct. The proceedings by *mandamus* are terminated by the order directing a peremptory writ and awarding costs. The proceeding to punish the defendants for contempt, by reason of their having neglected to obey the writ, up to the time when the proceeding was commenced, is also terminated by the order appealed from. The issues and the reference ordered are with a view of determining whether the appellants have continued to disobey the writ, since the commencement of the first proceeding for contempt. The second proceeding is based upon the idea that disobedience of the writ, continued since the first proceeding for a contempt was instituted, is a fresh contempt. In that view of the matter, the former proceeding is no bar to the latter, and the pendency of the latter furnishes no reason for delaying to enforce the final order made in the former.

If the relator consents to reduce the amount of the fine as above indicated, so that it shall not embrace the costs of the *mandamus*, the order appealed from is affirmed as modified, with ten dollars costs of the appeal and disbursements to the relator; otherwise the order is reversed, with ten dollars costs and disbursements to the appellants.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Ordered accordingly.